# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MARK A. McKENZIE
BOP #A-043-338-897,

                                        Plaintiff,

                    vs.

DEPARTMENT OF HOMELAND
SECURITY, et al.,

                                        Defendants.

Civil No.    06-0824 DMS (AJB)

**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(2) AND 28 U.S.C. § 1915(d)**

## I.

## Procedural History

On April 10, 2006, Plaintiff, an Immigration and Customs Enforcement ("ICE") detainee currently housed at the El Centro Service Processing Center ("SPC"), and proceeding pro se, has submitted a civil complaint pursuant to 42 U.S.C. § 1983.[1]  Plaintiff claimed that the inadequacy of SPC's prison law library has resulted in his inability to appeal his criminal conviction in the California Supreme Court.  (*See* Comp. at 1.)

---

[1]    To the extent Plaintiff is proceeding pro se and seeks to sue federal, not state actors, for alleged constitutional violations, the Court will construe his claims to arise under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971) (establishing that constitutionally protected interests may be vindicated through a suit for damages against persons action under color of federal law by invoking the federal question jurisdiction of the U.S. courts).

1    Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he

2    filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No.

3    2].

4    On May 31, 2006, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis*

5    ("IFP") but sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C.

6    § 1915(e)(2). *See* May 31, 2006 Order at 4-5. The Court granted Plaintiff leave to file a First

7    Amended Complaint correcting the deficiencies of pleading noted in the Court's Order. *Id.* The

8    Court also cautioned Plaintiff that any Defendants not named and all claims not re-alleged in the

9    Amended Complaint would be deemed to have been waived. *Id.* (citing *King v. Atiyeh*, 814 F.2d

10   565, 567 (9th Cir. 1987)).

11   On June 29, 2006, Plaintiff filed his First Amended Complaint ("FAC"). Plaintiff does

12   not rename Defendant Department of Homeland Security in his First Amended Complaint.

13   Thus, Plaintiff has waived all claims against this Defendant and they are dismissed from this

14   action. *King*, 814 F.2d at 567.

**II.**

**Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)**

17   Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal to the

18   extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief

19   may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C.

20   § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that

21   "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203

22   F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a

23   district court to dismiss an in forma pauperis complaint that fails to state a claim.").

24   "[W]hen determining whether a complaint states a claim, a court must accept as true all

25   allegations of material fact and must construe those facts in the light most favorable to the

26   plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*,

27   152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of

28   Civil Procedure 12(b)(6)."). However, while liberal construction is "particularly important in

civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the Court may not "supply essential elements of the claim that were not initially pled."  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect."  *Lopez*, 203 F.3d at 1130-31.

Here, the Court finds that the First Amended Complaint survives the sua sponte screening required by 28 U.S.C. § 1915(e)(2), and that Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf.  *See Lopez*, 203 F.3d at 1126-27;  28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

### III.

### Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.     The United States Marshal shall serve a copy of the **First Amended Complaint** and summons upon **Defendants Gonzales, Willis, Magee, Haley and V. Gonzales** as directed by Plaintiff on U.S. Marshal Form 285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

2.     Defendants thereafter **ORDERED** to reply to the First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

1  3.    Plaintiff shall serve upon Defendants or, if appearance has been entered by

2  counsel, upon Defendants' counsel, a copy of every further pleading or other document

3  submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

4  filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

5  of any document was served on Defendants, or counsel for Defendants, and the date of service.

6  Any paper received by the Court which has not been filed with the Clerk or which fails to

7  include a Certificate of Service will be disregarded.

8  **IT IS SO ORDERED.**

9  DATED:  October 19, 2006

10

11  _____
   DANA M. SABRAW
12  United States District Judge

13  cc:    all parties
         Judge Battaglia
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28